## MILES v. TOWNSEND et al.

On a motion for a non-suit at the close of plaintiff's testimony, the court should consider every fact fully proved which the testimony tended to prove, and if those facts are not sufficient at law to justify a verdict and judgment for plaintiff, the non-suit should be granted.

Where money was furnished by plaintiff under a written agreement that it should " be laid out in claims on land, for which he is to have the principal and one-half the profit arising thereon," and the evidence showed that the money was accordingly invested, and nothing realized from the claims ; held that plaintiff could not recover in assumpsit on common counts, and that as the evidence tended to show the foregoing facts only, the court was justified in taking the case from the jury and granting a non-suit.

### ERROR to Jefferson District Court.

*Opinion by* GREENE, J. This was an action of assumpsit commenced by H. Miles against N. Townsend, and others, for money loaned, &c. Plea, general issue. The cause was submitted to a jury, and after the plaintiff had introduced his testimony, the defendant moved for a non-suit, which was granted.

It is now claimed that the court was not justified in taking the case from the jury, and in granting the non-suit. If this ruling was made upon the strength or sufficiency of the proof to establish the facts upon which plaintiff's claim rested, and if those facts would justify a recovery at law, it follows that the court interfered with the province of the jury. The testimony introduced conduced to establish certain facts, and on taking the case from the jury it must be conceded that those facts were fully established, and the question arises, would those facts in law justify a judgment in favor of plaintiff? *Wiley* v. *Shoemak*, 2 G. Greene, 205.

The entire testimony presented by the bill of exceptions is corroborative of a receipt which shows the nature of the

contract between the parties, as. follows : " Received of Hiram Miles, two hundred and forty seven dollars and fifty cents, to be laid out in claims on land, for which he is to have the principal and one-half the profits arising therefrom, by either." This receipt was signed by defendants, and in connection with the parole evidence shows a joint adventure in claim speculations. The defendants were to select, purchase, and hold claims, and on final sale were to refund to plaintiffs the principal furnished by him and one-half the profits. The investments were to be made near the newly selected capital of-Iowa, Monroe City ; but with the failure of that prospective seat of government the claim speculation of the parties -exploded. The money had been invested in claims on joint account, but those claims could not be converted into money as contemplated by the contract. There was no evidence tending to show that the defendants had acted in bad faith, or neglected their part of the undertaking, or had realized anything from the claims, or to show that they had assumed a personal liability. Hence we conclude that there was no evidence tending to prove plaintiff's common counts for money loaned. No part of the testimony tends to show that the money was loaned on personal responsibility, but it all goes to confirm the written contract that it was furnished on joint account, had been invested accordingly, and nothing realized from the investment, and under these facts, and the construction placed upon that contract, we conclude that the court did not err in granting a non-suit.

Judgment affirmed.

*Wright* and *Knapp*, and *J. A. L. Crookham*, for plaintiff in error.

*Slagle* and *Acheson*, for defendant.